UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GILBERTO TELLO, TDCJ #02182783, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SECURUS CORPORATION; HEAD § <br> SUPERVISOR F/N/U MUNOZ, Securus § <br> Corporation Representative; and HEAD § <br> SUPERVISORY JOHN RAMIREZ, § <br> Securus Corporation Representative, § <br> § <br> Defendants. § | SA-24-CV-01397-XR |

**ORDER**

Before the Court is a document filed by *pro se* Plaintiff Gilberto Tello. (ECF No. 19). The document appears to include Tello's second motion for discovery and a motion in limine in this 42 U.S.C. § 1983 matter. (*Id.*). Upon review, the Court orders Tello's motions **DENIED**. (*Id.*).

**MOTION FOR DISCOVERY**

Tello again seeks production of a list of state inmates' names and TDCJ numbers who were issued "new replacement tablets on September 5, 2024 by means of an I–60 official request" and copies of the I–60s. (*Id.*). As the Court advised Tello in its prior order denying the same discovery request, discovery motions are to be directed to a defendant, not the Court. (ECF Nos. 7, 11); *see* FED. R. CIV. P. 34(a). Thus, the Court finds the motion for discovery should be denied.

**MOTION IN LIMINE**

Tello also included in the same document a "Motion in Limine." (ECF No. 19). "A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to

the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 (5th Cir. 1977) (quoting Commentary, *The Motion in Limine: Pretrial Trump Card in Civil Litigation*, 27 U. FLA. LAW. REV. 531 (1975) (footnotes omitted)).

Tello states "he is (should) not be required in his opinion to use word Defendant against his litigating opponent(s); but, to use the word reading of Respondent as he has the entire time." (*Id.*). He also references the Court's use of his TDCJ inmate number, the receipt of an "unofficial court letter," and Defendant F/N/U Munoz's alleged use of unpaid inmates to conduct work for Securus Corporation. The statements or issues raised by Tello's in his purported "motion in limine" are not the type of evidence that would be subject to a motion in limine. Moreover, Defendants have not yet been served so any trial in this matter is not yet pending, rendering any motion in limine premature.

**IT IS THEREFORE ORDERED** that Tello's motion for discovery and motion in limine (ECF No. 19) are **DENIED**.

It is so **ORDERED**.

**SIGNED** this 10th day of March, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE